```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

| | |
|---|---|
| FRANCIENNA B. GRANT, | |
| Plaintiff, | Civil No. 08-306 (RMB) |
| v. | |
| OMNI HEALTH CARE SYSTEMS OF NJ, INC., et al | **MEMORANDUM AND ORDER** |
| Defendants. | |

**BUMB, United States District Judge:**

On September 24, 2009, this Court entered an Opinion and Order (the "Order")(collectively the "Opinion and Order") imposing sanctions upon counsel for Plaintiff, Francienna Grant (the "Plaintiff"), Marshall L. Williams, Esq., in an amount to be determined upon receipt of opposing counsel's fee application. The Court also established October 23, 2009, as the final deadline for discovery. Specifically, the Court ordered the Plaintiff to produce all outstanding discovery, including the outstanding discovery set forth at page 33 of the Court's Opinion, by the discovery deadline. The Court further directed that Mr. Williams file by October 23, 2009, two certifications: one signed by him certifying that he had given Plaintiff a copy

of the Court's Opinion and Order; and the second one signed by Plaintiff herself stating that she had received a copy of the Opinion and Order. The Court expressly held that "in the event Plaintiff and/or her counsel fail to follow any part of this Order, the Court will dismiss the case." [Docket No. 109, at 3]

In response to the Court's Opinion and Order, on October 23, 2009, a few minutes before midnight, Plaintiff filed a document entitled "Response to Items Shown on Page 33 of the Court Order Dated September 24, 2009" [Docket No. 115] and a Certification of Mr. Williams. [Docket No. 116]. In his Certification, Mr. Williams certified "that a true and correct copy of the Honorable Renee M. Bumb of September 24, 2009 was sent to plaintiff by mail at her request rather than by electronic means on October 23, 2009."[1]

The Plaintiff's non-compliance with the Court's Order could not be more certain. The failure to file Plaintiff's certification by the deadline of October 23, 2009, is in direct violation of the Court's Order and thus, warrants dismissal in and of itself. It is apparent that Mr. Williams' deliberate decision to wait until the very last day, October 23, 2009, to <u>mail</u> the Opinion and Order to Plaintiff, knowing that counsel would be unable to obtain Plaintiff's certification as ordered,

---

[1] In its Order, the Court directed Mr. Williams to serve Plaintiff with a copy of both the Opinion and Order. It is not clear from this Certification what Mr. Williams sent his client.

2

is alone evidence of counsel's willful failure to comply with the Court's Order. It is also quite evident from a review of Plaintiff's Response [Docket No. 115] that Plaintiff, by her own admissions, has failed to produce all outstanding discovery. The letter submitted by counsel for the Defendants confirms Plaintiff's failure to meet the discovery deadline. See Letter of Elena Ben-Dov, Esq. [Docket No. 117] For example, in the Response [Docket No. 115], Mr. Williams certifies to the Court that Plaintiff was never served with the Defendants' Second Set of Interrogatories. This is blatantly false. On August 27, 2009, Mr. Williams certified that he mailed Plaintiff's responses to the Defendants' Second Set of Interrogatories to counsel for the Defendants on August 19, 2009. [Docket No. 101] Additionally, at Plaintiff's deposition, Mr. Williams stated at least twice on the record that he had sent Plaintiff's responses to the Second Set of Interrogatories to Defendants' counsel. [Docket No. 117-2] As another example, Plaintiff failed to provide the name of the psychotherapist whom she testified she had seen to address her alleged emotional distress. Plaintiff - after burdening the record with an unnecessary colloquy about her need to verify the credentials and official title of her treating professional, i.e, whether the individual considered herself a psychotherapist or other specialist - was asked by counsel for the Defendants to provide the name of the professional and any

3

related information to her counsel, Mr. Williams.  Despite this request and the Court's Order, Mr. Williams failed to provide the information, instead, merely informing the Defendants of what Plaintiff had already remonstrated at her deposition: that she had not been "treated" by a "psychotherapist" but that she had "visited one (1) or two (2) counselors and/or psychotherapists concerning her employment with defendants." [Docket No. 115, at 4] Plaintiff provided no further discovery on this issue as the Court had Ordered.  By not filing the proper certifications and by failing to produce discovery, it is clear that Plaintiff has not complied with the Court's September 24, 2009 Order.

Accordingly, for the foregoing reasons,

IT IS on this **26th** day of **October** **2009** **ORDERED** that the Plaintiff's complaint be and is hereby **DISMISSED** in its entirety with prejudice; and

IT IS FURTHER **ORDERED** that the pending motion to dismiss the Amended Complaint [Docket No. 104] is **DISMISSED** as MOOT; and

IT IS FURTHER **ORDERED** that Defendants Omni Care Health Systems of NJ, Inc., Advantage Rehabilitation LLC, and Ronilda Pulido shall advise the Court by no later than October 30, 2009, whether it wishes to pursue its Counterclaim against Plaintiff; and

IT IS FURTHER **ORDERED** that Plaintiff shall respond to the pending motion for attorneys' fees [Docket No. 113] in the time

provided by the Local Rules, unless extended by the Court.

                                           s/Renée Marie Bumb
                                           RENÉE MARIE BUMB
                                           United States District Judge