IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANCIENNA B. GRANT,<br><br>        Plaintiff,<br><br>  v.<br><br>OMNI HEALTH CARE SYSTEMS OF NJ, INC., et al<br><br>        Defendants. | Civil No. 08-306 (RMB/AMD)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon the Defendants' motion for attorney's fees pursuant to the Court's Order issued on September 24, 2009 (the "Order"). In the Order, the Court directed Defendants to submit a fee application setting forth fees attributable to the discovery misconduct by counsel for the Plaintiff, Marshall L. Williams, Esq. In response, the Defendants request fees in the amount of $27,084.50. Mr. Williams has filed objections to the award of fees. [Docket Nos. 132,133]. For the reasons herein, the Court will award Defendants **$13,410.00** in attorney's fees, which must be personally paid by Mr. Williams.

A.  **Hourly Rates**

The first issue the Court addresses is the reasonableness of

the hourly rate sought by Defendants. The party seeking attorney's fees has the burden of establishing the reasonableness of the claimed hourly rate. <u>Interfaith Community Organization v. Honeywell Intern, Inc.</u>, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The party must show that lawyers of comparable ability commanded the rates the party is seeking. After the original burden is met, the burden shifts to the party opposing the fee petition to dispute the reasonableness of the requested hourly rate.

To support their requested hourly rates, Defendants have submitted various supporting certifications. These certifications demonstrate that their rates ($225.00 for Ben-Dov; $225.00 for Daitz) are below the prevailing rate in civil rights cases. In fact, their hourly rate is well below the rate these comparable attorneys commanded in 2008, and presumably these rates have only increased since then. Moreover, their certifications reveal that both attorneys, Ben-Dov and Daitz, have substantially discounted their hourly rates pursuant to their clients' applicable insurance policy.

Plaintiff's opposition to the requested hourly rate of $225.00 has no merit. In fact, Plaintiff's first attorney in a case related to this one, Michelle Douglass, Esquire, charged an hourly rate of $300.00, a rate well above the rate Defendants here seek. Accordingly, the Court finds that Defendants have sustained their burden of proving the reasonableness of the

requested rates by their counsel.

**B.   Number of Hours**

The second issue the Court addresses is the number of hours that should be assessed against Mr. Williams for his discovery misconduct. The focus of the September 24th Opinion and Order is the conduct of Mr. Williams, as opposed to conduct that might have been attributable to the Plaintiff herself. See, Fed. R. Cir. P. 16(f)(2) (providing that where a party or its attorney fails to comply with a court order, "the court must order the party, its attorney, or both to pay the reasonable expenses - - including attorney's fees - - incurred because of any noncompliance with this rule").

The Court was clear in its September 24th Opinion that much of the discovery misconduct in this case was fairly attributable to Mr. Williams. See Opinion, at 42. Despite this Court's finding, Mr. Williams asserts that the Court never afforded "any notice" to him that the Court was considering sanctions against him. [Docket No. 132, at 3]. He also argues that the Defendants' fees were unnecessary and excessive [Docket No. 133, at 6].

As for the first argument, nothing could be further from the truth. As the Court detailed in its September 24th Opinion, the record is replete with admonitions to counsel throughout this litigation, both in writing and during conferences. The question is, however, at what point can it be determined that the

misconduct was clearly attributable to Mr. Williams' disregard of the Court's repeated warnings.  Clearly, by June 24, 2009, this Court had informed Mr. Williams that it had "tired of this conduct."  Opinion, at 14.  Five days later, on June 29, 2009, the Court reiterated to Mr. Williams that it had "had it with [his] conduct in this case" and that "there ha[d] been so many numerous instances of unprofessionalism, of missed deadlines, of flagrant disregard of this Court's Orders that I can't begin to count them."  Opinion, at 17.  The Court further advised Mr. Williams that it was contemplating sanctions. Id.  Clearly, Mr. Williams was put on notice that any further misconduct would be met with sanctions, of which an award of attorney's fees is one.  Thus, as the record clearly demonstrates, by June 29, 2009, Mr. Williams had been given ample notice and still persisted in his misconduct.[1]  The fees incurred by Defendants to address this misconduct were, unfortunately, both necessary and not excessive, contrary to Mr. Williams' contentions.

Accordingly, the Court will award the imposition of the following fees:

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 08/07/09 | E. B. | 5.50 | $1,237.50 | Prepared Order to Show Cause to Compel Discovery; Review requests, responses, court orders, documents and good faith efforts |
| 08/12/09 | E.B. | 0.40 | 90.00 | Reviewed correspondence from and prepared correspondence to Marshall Williams, Esq., |

---

[1] This conduct is detailed in the Court's September 24th Opinion.

| | | | | |
|---|---|---|---|---|
| | | | | counsel for plaintiff, re: outstanding discovery |
| 08/12/09 | E.B. | 4.30 | 967.50 | Prepared Order to Show Cause to Compel Discovery; Reviewed requests, responses, court orders, documents and good faith efforts |
| 08/13/09 | E.B. | 6.80 | 1,530.00 | Prepared Order to Show Cause to Compel Discovery; Reviewed requests, responses, court orders, documents and good faith efforts |
| 08/13/09 | E.B. | .20 | 45.00 | Prepared correspondence to Judge Bumb re: Order to Show Cause |
| 08/14/09 | E.B. | 0.50 | 112.50 | Review correspondence from and prepared correspondence to Marshall Williams, Esq., counsel for plaintiff, re: Order to Show Cause and depositions |
| 08/14/09 | E.B. | 1.40 | 315.00 | Prepared Supplemental Declaration re: Order to Show Cause |
| 08/14/09 | E.B. | 0.20 | 45.00 | Prepared correspondence to Judge Bumb re: Supplemental Declaration |
| 08/17/09 | E.B. | 0.10 | 22.50 | Review discovery order re: depositions |
| 08/17/09 | E.B. | 0.20 | 45.00 | Review correspondence from Marshall Williams, Esq., counsel for plaintiff, re: Amended Complaint, depositions and discovery order |
| 08/17/09 | E.B. | 0.40 | 90.00 | Review plaintiff's Motion to Modify Discovery Order; Conference with Jeffrey M. Daitz |
| 08/18/09 | E.B. | 0.10 | 22.50 | Review Order denying plaintiff's Motion to Modify Discovery Order |
| 08/18/09 | E.B. | 5.70 | 1,282.50 | Prepare Jeffrey M. Daitz Supplemental Declarations and Affidavits of Patricia Celecki and Ronilda Pulido |
| 08/18/09 | E.B. | 0.20 | 45.00 | Prepare correspondence to Judge Bumb re: Affidavits and Jeffrey M. Daitz Supplemental Declarations |
| 08/18/09 | E.B. | 0.20 | 45.00 | Prepare correspondence re: Affidavits and Jeffrey M. Daitz Supplemental Declarations |
| 08/19/09 | E.B. | 3.20 | 720.00 | Prepare Jeffrey M. Daitz Third Supplemental |

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| | | | | Declaration and Second Affidavit of Ronilda Pulido |
| 08/20/09 | E.B. | 1.80 | 405.00 | Revise Jeffrey M. Daitz Third Supplemental Declaration; Review transcript of Pulido deposition; Conference with Jeffrey M. Daitz |
| 08/20/09 | E.B. | 0.20 | 45.00 | Prepare correspondence to Judge Bumb re Jeffrey M. Daitz Third Supplemental Declaration & Second Affidavit of Ronilda Pulido |
| 08/21/09 | E.B. | 1.80 | 405.00 | Prepare Jeffrey M. Daitz Fourth Supplemental Declaration; Conferences with Jeffrey M. Daitz |
| 08/21/09 | E.B. | 0.20 | 45.00 | Prepare correspondence to Judge Bumb re: Jeffrey M. Daitz Fourth Supplemental Declaration |
| 08/26/09 | E.B. | 2.80 | 630.00 | Prepare Jeffrey M. Daitz, Esq. Fifth Supplemental Declaration |
| 08/28/09 | E.B. | 1.30 | 292.50 | Review correspondence from and prepare correspondence to Marshall Williams, Esq. counsel for plaintiff, regarding outstanding discovery disputes |
| 08/28/09 | E.B. | 1.20 | 270.00 | Prepare Letter Application to Judge Bumb regarding Order to Show Cause and outstanding discovery disputes |
| 09/16/09 | E.B. | 1.20 | 270.00 | Prepare Letter Application opposing plaintiff's 2nd Request for Extension of Time and regarding status of discovery |
| 09/24/09 | E.B. | 0.60 | 135.00 | Prepare correspondence to and review correspondence from regarding Opinion and Order on Order to Show Cause |
| 09/25/09 | E.B. | 7.70 | 1,732.50 | Prepare Memo of Law on Fee Application; Review firm billing statements; Legal research; Conferences with Jeffrey M. Daitz Esq. |
| 10/09 – 12/09 | | 11.4 | 2,565.00[2] | Filing of documents, including reply papers |

---

[2] Although the Defendants have not provided a breakdown of the hours spent on filing and preparing their papers, including reply papers, in connection with their request for fees, the

6

                                                to Plaintiff's opposition papers

**TOTAL**     $13,410.00

In conclusion, upon review of the submissions, the Court finds that a sanction in the amount $**13,410.00** representing fees associated with the misconduct of Mr. Marshall L. Williams, Esq., is warranted. An appropriate Order accompanies this Memorandum Opinion.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: May 4, 2010

---

Court finds the time of 11.4 hours by Ms. Ben-Dov to be reasonable. See Docket Nos. 113 [Ex 1] and 136.