[Dkt. No. 150]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| FRANCIENNA B. GRANT, <br><br> Plaintiff, <br><br> v. <br><br> OMNI HEALTH CARE SYSTEMS OF NJ, INC., et al <br><br> Defendants. | Civil No. 08-306 (RMB) <br><br> **MEMORANDUM AND ORDER** |

THIS MATTER comes before the Court upon a motion by Plaintiff's counsel, Marshall L. Williams, Esquire, to stay the Court's Order directing Mr. Williams to pay $13,410.00 in sanctions [Docket No. 150]. On May 4, 2010, the Court issued a Memorandum Opinion and Order (the "Sanctions Order") directing Mr. Williams to pay $13,410.00 to the Defendants by June 3, 2010. On May 18, 2010, Mr. Williams filed this motion requesting a stay of the Sanctions Order.

Pursuant to Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay by supersedeas bond. A court may forego that requirement, however, "when there are other means to secure the judgment creditor's interests." In re Diet Drugs, 582 F.3d 524, 552 (3d Cir. 2009). Hence, "in exceptional circumstances and where there exists an alternative means of

securing the judgment creditor's interest," Church & Dwight Co., Inc. v. Abbott Laboratories, 2009 U.S. Dist. LEXIS 64459 at *41-42 (D.N.J. 2009), a court may exercise its discretion to waive or modify the supersedeas bond requirement.

In determining whether such exceptional circumstances exist, courts have considered the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that this Court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the [debtor] in an insecure position. Church & Dwight Co., Inc., 2009 U.S. Dist. Lexis 64459 at *41-42.

Unfortunately, the moving papers filed by Mr. Williams do not address these factors. Nor did Mr. Williams file a reply to the Defendants' opposition. Nevertheless, the Court will afford Mr. Williams an opportunity to do so. Mr. Williams shall have until **August 27, 2010**, to file a reply that addresses the above listed factors. In the event Mr. Williams fails to take advantage of this opportunity, the Court will have little choice but to enforce the posting of a supersedeas bond and to deny the pending motion.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: <u>August 13, 2010</u>